IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

JUANITA ELLIS — PLAINTIFF

VS.     CAUSE NO. A2401-25-57

24CI1:25-cv-00057

WAL-MART STORES, INC., — DEFENDANTS
DARRIEN SKIPPER, *Individually and as an Agent and Employee of* WAL-MART STORES, INC. and JOHN DOES 1-4, *Individually and as Agents and Employees of* WAL-MART STORES, INC.

FILED FEB 27 2025 JUSTIN WETZEL CIRCUIT CLERK By _____ D.C.

## COMPLAINT
### *JURY TRIAL DEMANDED*

COMES NOW, plaintiff, JUANITA ELLIS, by and through counsel of record, and files this her *Complaint* against defendants herein, and in support thereof would show the following:

### I. Jurisdiction and Venue

1. This is a civil action seeking monetary damages for bodily injuries sustained by plaintiff when she slipped and fell in a puddle of water at the Wal-Mart Store located at 1733 East Pass Road, Gulfport, Mississippi.

2. The incident complained of herein occurred in Gulfport, First Judicial District of Harrison County, Mississippi on or about March 4, 2022. Pursuant to Miss. Code Ann. Section 11-11-3 (Supp. 1993), this Court has jurisdiction and venue of this civil action.

## II. Parties

3. Plaintiff, JUANITA ELLIS, hereinafter "*Ellis*", is an adult resident citizen of Gulfport, First Judicial District of Harrison County, Mississippi.

4. Defendant, WAL-MART STORES, INC., hereinafter "*Wal-Mart*", is a Delaware corporation licensed to do business in the State of Mississippi. Wal-Mart may be served with process of this Court by and through its registered agent for service of process, C.T. Corporation System of Mississippi, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi.

5. Defendant, DARRIEN SKIPPER, is an adult resident citizen of Gulfport, First Judicial District of Harrison County, Mississippi and may be served with process of this Court at the Wal-Mart Store located at 1733 East Pass Road, Gulfport, Mississippi.

6. Upon information and belief, defendants, JOHN DOES 1 - 4, are persons whose names and addresses are unknown to plaintiff but are believed to have engaged conduct that led to and/or caused plaintiff's injury. Defendants, JOHN DOES 1 - 4, are subject to the jurisdiction and venue of this Court. Service will be made upon said persons as their identities are made known through discovery.

### III. Facts

7.      On March 4, 2022, plaintiff went to the Wal-Mart Store located at 1733 East Pass Road in Gulfport, Mississippi to purchase food and other personal items. While shopping in the frozen food section of the store near the ice cream freezers, she slipped in a puddle of water. There were no wet floor signs present in the freezer section of the store at the time of plaintiff's fall. Upon information and belief, Wal-Mart was aware that its freezers were leaking water and failed to take reasonable measures to remove and/or warn about the hazard created by the leaking water.

8.      As a result of the fall, plaintiff suffered serious and permanent injuries to her left ankle, left knee, left hip and left arm. Plaintiff's injuries were caused by defendants' negligence in failing to keep the premises in a reasonably safe condition and in failing to warn of known hazards and conditions.

9.      Defendant, Wal-Mart, offers food and household goods for sale and is regularly patronized by the public and as such, it is required to use reasonable care to keep its premises in a reasonably safe condition.

### IV. Cause of Action: **NEGLIGENCE**

10.     The plaintiff was an invitee at the time of her fall and the defendant, Wal-Mart, is charged with the duty to exercise ordinary and reasonable care to insure its property is maintained in a reasonably safe condition. Defendant is also charged with a duty to warn of known dangerous conditions.

EXHIBIT "A"

11. Defendant, Wal-Mart, failed to exercise ordinary care in maintaining its property in a reasonably safe condition. The liquid on the floor constituted a hazard and a breach of the defendant's duties not to create an unreasonably dangerous condition on its premises. Defendant, by the exercise of reasonable forethought, should have anticipated the probability that the liquid on the floor created a dangerous conditions and it should have taken steps to guard against the dangerous condition created by the liquid on the store floor.

Furthermore, defendant, Wal-Mart, breached its duty to warn of the known and dangerous condition on its premises.

12. Defendant, DARRIEN SKIPPER and JOHN DOES 1-4, as store managers, were responsible for making sure the store premises were regularly inspected, safe and in the case of dangerous conditions on the premises, repair the conditions and/or warn customers of the condition. Defendants breached its duty to maintain the store in a reasonably safe condition and/or warn of the known and dangerous conditions on the premises and can be held personally liable for their negligence.

13. Wal-Mart Stores, on the other hand, is responsible under the doctrine of *respondeat superior* for the negligent actions and omissions of its employees and agents. Defendant, by and through its employees and agents, had actual and constructive knowledge of the dangerous condition created by the water on the store floor and failed to eliminate, warn of and guard against a known risk and danger.

14. Plaintiff's injuries were proximately caused by defendants' negligence and the injuries were foreseeable and could have been guarded against or eliminated.

15. Defendants' negligence proximately caused plaintiff's injuries and damages.

16. As a direct result and proximate cause of the defendants' negligence, plaintiff received serious and grievous injuries and has been damaged in an amount not less than $850,000.00 in compensatory damages and special damages.

WHEREFORE, plaintiff demands a judgment of and from defendants in an amount to be determined by a jury, plus pre-judgment interest, post-judgment interest, all cost of court and any other relief which the court finds appropriate.

SO COMPLAINED, this the 26th day of February, 2025.

Respectfully Submitted,
JUANITA ELLIS, PLAINTIFF

BY: /s/ Tamekia Goliday
TAMEKIA R. GOLIDAY,
Attorney for Plaintiff.

OF COUNSEL:
TAMEKIA R. GOLIDAY, MSB No. 99431
GOLIDAY LAW FIRM
1500 Jacksonian Plaza, Ste C
Post Office Box 13632
Jackson, Mississippi 39236
T: (601) 368-1800
F: (769) 233-8095
E: tag@golidaylawfirm.com

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

JUANITA ELLIS                                                           PLAINTIFF

VS.                                                        CAUSE NO. A24N-25-57

WAL-MART STORES, INC.,                                                  DEFENDANTS
DARRIEN SKIPPER, *Individually and
as an Agent and Employee of* WAL-MART
STORES, INC. and JOHN DOES 1-4, *Individually
and as Agents and Employees of* WAL-MART
STORES, INC.

## SUMMONS

STATE OF MISSISSIPPI
COUNTY OF HARRISON

TO:  WAL-MART STORES, INC
     c/o   C.T. Corporation System of Mississippi
           645 Lakeland East Drive, Suite 101
           Flowood, Mississippi 39232

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the *Complaint* to **TAMEKIA GOLIDAY, ESQUIRE**, the attorney for the Plaintiff(s) whose address is **Post Office Box 13632, Jackson, Mississippi 39236**. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 27th day of February, 2025.

                                    JUSTIN WETZEL, CIRCUIT CLERK
                                    HARRISON COUNTY CIRCUIT COURT
                                    1801 23rd Avenue
                                    Gulfport, Mississippi 39501

(SEAL)                  BY: _____
                                    Deputy Clerk

EXHIBIT "A"

Wolters Kluwer

CT Corporation
Service of Process Notification
03/12/2025
CT Log Number 548622874

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** Process Served in Mississippi

**FOR:** Wal-Mart Stores, Inc. (Former Name) (Domestic State: DE)
WALMART INC. (True Name)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ELLIS JUANITA // To: Wal-Mart Stores, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, First set of Interrogatories, Requests |
| **COURT/AGENCY:** | Harrison County Circuit Court, First Judicial District, MS<br>Case # A24012557 |
| **NATURE OF ACTION:** | Personal Injury - 03/04/2022 - 1733 East Pass Road, Gulfport, Mississippi |
| **PROCESS SERVED ON:** | C T Corporation System, Flowood, MS |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/12/2025 at 10:57 |
| **JURISDICTION SERVED:** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of delivery (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | TAMEKIA R. GOLIDAY<br>GOLIDAY LAW FIRM<br>1500 Jacksonian Plaza, Ste C<br>Jackson, MS 39236<br>601-368-1800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/13/2025, Expected Purge Date: 03/23/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

EXHIBIT "A"

**CT Corporation**
**Service of Process Notification**
03/12/2025
CT Log Number 548622874

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of 2

EXHIBIT "A"



# PROCESS SERVER DELIVERY DETAILS

Date: Wed, Mar 12, 2025
Server Name: Drop Service

| Entity Served | Walmart Stores Inc. |
|---|---|
| Case Number | a24012557 |
| Jurisdiction | MS |

| Inserts | | |
|---|---|---|
| | | |



## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

| | |
|---|---|
| JUANITA ELLIS, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CASE NO.: 24CI1:25 CV 00057 |
| | * |
| WALMART STORES, INC., | * |
| DARRIEN SKIPPER, INDIVIDUALLY | * |
| AND AS AN AGENT AND EMPLOYEE | * |
| OF WALMART STORES, INC. AND | * |
| JOHN DOES 1-4. | * |
| | * |
| Defendants. | * |

## ANSWER

Defendants, Walmart Stores Inc. and Darren Skipper, (hereinafter collectively referred to as "Walmart"), answers Plaintiff's Complaint as follows with each numbered paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

### I. JURISDICTION AND VENUE

1. Walmart admits this is a civil action seeking monetary damages and that Plaintiff, Juanita Ellis, was involved in an incident at the Walmart store on Pass Road in Gulfport, Mississippi. Walmart denies Plaintiff is entitled to any recovery in this matter.

2. Walmart admits Plaintiff was involved in an incident on March 4, 2022, and, at the present time, that this Court has jurisdiction and venue is proper. Walmart denies Plaintiff is entitled to any recovery in this matter.

## II. PARTIES

3. Walmart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency but at this time, admits same.

4. Walmart admits it is a foreign corporation authorized to do business in Mississippi and may be served via its registered agent.

5. Walmart denies that Darren Skipper is an adult resident citizen of Harrison County, Mississippi, but admits he may be served with process at the Walmart store located on Pass Road in Gulfport, Mississippi.

6. As this paragraph is directed towards fictitious parties, no response from Walmart is required. To the extent this paragraph asserts or implies allegations against Walmart, the same are denied and strict proof thereof is demanded.

## III.   FACTS

7. Walmart admits Plaintiff, Juanita Ellis, was present on its premises in Gulfport, Mississippi, on or about March 4, 2022. Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's purpose for her presence or whether she was "shopping" and, therefore, must deny the same and demand strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

8. Walmart denies the allegations of this paragraph and demands strict proof thereof.

9. Walmart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

## IV. CAUSE OF ACTION: NEGLIGENCE

10. Walmart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's status as an "invitee" and, therefore, must deny the same and demand strict proof thereof. Walmart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

11. Walmart denies the allegations of this paragraph, including the allegations in the unnumbered paragraph following paragraph 11, and demands strict proof thereof.

12. Walmart admits that Darren Skipper was the store manager at the time of this incident, but denies all reaming allegations and demands strict proof thereof.

13. Walmart denies the conduct of its employees or agents constituted negligence and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

14. Walmart denies its conduct constituted negligence and demands strict proof thereof. Walmart further denies its conduct was the proximate cause or contributing causes of this incident or Plaintiff's injuries and damages and demands strict proof thereof. Walmart denies the remaining allegations of this paragraph and demands strict proof thereof.

15. Walmart denies the allegations of this paragraph and demands strict proof thereof.

16. Walmart denies the allegations of this paragraph and demands strict proof thereof.

Walmart denies the allegations contained in the unnumbered paragraph following paragraph 16 which begins "WHEREFORE", and specifically denies that the Plaintiff is entitled to any recovery whatsoever.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2. Plaintiff was guilty of negligence that caused or contributed to cause the injuries about which Plaintiff complains and, therefore, under Mississippi law, Plaintiff is not entitled to recover any damages or her recovery should be limited accordingly.

3. The alleged hazard about which Plaintiff complains was open and obvious thereby obviating a duty to warn and precluding Plaintiff from recovering damages under Mississippi law.

4. Defendant did not have notice of the alleged hazard about which Plaintiff complains and, therefore, under Mississippi law, Defendant owed Plaintiff no duty to eliminate the alleged hazard.

5. No act or omission of this Defendant was the proximate cause of any injury to Plaintiff.

6. Defendant owed Plaintiff no duty as alleged, the breach of which caused or contributed to the cause of the Plaintiff's injuries.

7. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8. Defendant respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

9. Plaintiff, in whole or in part, failed to mitigate her alleged damages and, therefore, is precluded from recovery.

10. Plaintiff's alleged damages are the result of a condition and/or injury which predates the

incident made the basis of his Complaint and having no causal relationship with Defendant.

11.   Plaintiff's Complaint fails to state a claim for relief as to Darren Skipper, and Darren Skipper is therefore due to be dismissed.

12.   Plaintiff's claims are barred by the applicable statute of limitations, which has expired in this matter.

13.   Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted on April 16, 2025.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
Attorneys for Defendants Walmart Stores Inc. and Darren Skipper

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-7994

CERTIFICATE OF SERVICE

      I hereby certify that I have on this day April 16, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Tamekia R. Goliday
Goliday Law Firm
1500 Jacksonian Plaza, Ste C
P. O. Box 13632
Jackson, MS  39236

                /s/ W. Pemble DeLashmet
                OF COUNSEL

EXHIBIT "A"

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| JUANITA ELLIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.: 24CI1:25 CV 00057 |
| | * | |
| WALMART STORES, INC., | * | |
| DARRIEN SKIPPER, INDIVIDUALLY | * | |
| AND AS AN AGENT AND EMPLOYEE | * | |
| OF WAL-MART STORES, INC. | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF REMOVAL

TO:  JUSTIN WETZEL, Circuit Clerk
HARRISON COUNTY-CIVIL DIVISION
1801 23rd AVENUE
GULFPORT, MS  39501

There is hereby filed with you a copy of the Notice of Removal filed by Defendants Walmart Stores Inc. and Darren Skipper (hereinafter collectively referred to as "Walmart") through undersigned counsel, in the case styled "Juanita Ellis, Plaintiff v. Walmart Stores Inc., and Darren Skipper, et. al.," Civil Action No. 24CI1:25 CV 00057, and designed to remove that action to the United States District Court for the Southern District of Mississippi, Southern Division.  This Notice of Removal was sent for filing in the United States District Court for the Southern District of Mississippi, Southern Division, on the 16th day of April, 2025.

Written notice of the filing of said Notice of Removal was given to the attorneys of record for plaintiff herein by service via U.S. mail on the 16th day of April, 2025, and you are hereby notified that the filing of a copy of the aforesaid Notice with you as Clerk of the Circuit Court of Harrison County,

Mississippi, effects removal of said cause to the United States District Court for the Southern District of Mississippi, Southern Division.

  DATED this 16th day of April, 2025.

             /s/ W. Pemble DeLashmet
             W. PEMBLE DELASHMET (MS 8840)
             wpd@delmar-law.com
             CHAD C. MARCHAND (MS 102752)
             ccm@delmar-law.com
             MIGNON M. DELASHMET (MS 2896)
             mmd@delmar-law.com
             *Attorneys for Defendants Walmart Stores Inc. and Darren Skipper*

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone: (251) 433-1577
Facsimile: (251) 433-7994

CERTIFICATE OF SERVICE

    I hereby certify that I have on this day April 16, 2025, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Tamekia R. Goliday
Goliday Law Firm
1500 Jacksonian Plaza, Ste C
P. O. Box 13632
Jackson, MS  39236


        /s/ W. Pemble DeLashmet
        OF COUNSEL